IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UCB, Inc. and UCB BIOPHARMA SPRL,<br><br>               Plaintiffs,<br><br>     v.<br><br>APOTEX INC.,<br><br>               Defendant. | C.A. No. 18-CV-60846 |

## COMPLAINT

Plaintiffs UCB, Inc. and UCB Biopharma SPRL (collectively, "UCB" or "Plaintiffs"), by their undersigned attorneys, for their Complaint against Defendant Apotex Inc. ("Apotex" or "Defendant"), allege:

## NATURE OF THE ACTION

1.      This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, arising from Defendant's filing of an Abbreviated New Drug Application ("ANDA") with the United States Food and Drug Administration ("FDA"), by which Apotex seeks approval to market a generic version of the pharmaceutical product levocetirizine dihydrochloride solution sold as Xyzal Allergy 24HR® prior to the expiration of United States Patent No. 8,633,194 (the "'194 patent"), which covers *inter alia*, Xyzal Allergy 24HR®.

## THE PARTIES

2.      Plaintiff UCB, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1950 Lake Park Drive, Smyrna, Georgia 30080.

AMERICAS 94466512

3.      Plaintiff UCB Biopharma SPRL ("UCB Biopharma") is a corporation organized and existing under the laws of Belgium, having an office and place of business at Allée de la Recherche 60, 1070 Brussels, Belgium.

4.      On information and belief, Defendant Apotex Inc. is a corporation organized and existing under the laws of Canada, having a principal place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.

5.      On information and belief, Apotex Corp. is a wholly owned subsidiary of Apotex Inc. that acts at the direction, and for the benefit of Apotex Inc., and is controlled and/or dominated by Apotex Inc.  Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 2400 North Commerce Parkway, Weston, Florida 33326.

6.      On information and belief, Apotex Inc. and Apotex Corp. collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products.  On further information and belief, Apotex Inc. and Apotex Corp. are agents of each other and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length.

7.      On information and belief, Apotex Corp. acts as the U.S. agent for Apotex Inc. for purposes of regulatory submissions to the FDA in seeking approval for generic drugs.

## THE PATENT-IN-SUIT

8.      On January 21, 2014, the United States Patent and Trademark Office issued the '194 patent, entitled "Pharmaceutical Composition of Piperazine Derivatives," a copy of which is attached to this Complaint as Exhibit A.  UCB Biopharma SPRL is the owner of all right, title, and interest in the '194 patent.

## XYZAL ALLERGY 24HR®

9.      On information and belief, Sanofi-Aventis US LLC holds approved New Drug Application No. 209090 (the "Xyzal Allergy 24HR® NDA") for levocetirizine dihydrochloride solution, with dosage strengths of, *inter alia*, 2.5mg/5ml (0.5mg/ml). Chattem, Inc. sells the product of the Xyzal Allergy 24HR® NDA under the trade name Xyzal Allergy 24HR®.

10.     Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '194 patent is listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence" (the "Orange Book"), with respect to Xyzal Allergy 24HR®.

## Apotex's ANDA

11.     On information and belief, Apotex submitted ANDA No. 211528 to the FDA ("Apotex's ANDA"), pursuant to 21 U.S.C. § 355(j), seeking approval to market a generic version of levocetirizine dihydrochloride solution, 2.5mg/5ml (05.mg/ml) ("Apotex's Product").

12.     On information and belief, Apotex's ANDA refers to and relies upon the Xyzal Allergy 24HR® NDA and contains data that, according to Apotex, demonstrate the bioequivalence of Apotex's Product and Xyzal Allergy 24HR®.

13.     On information and belief, Apotex intends to commercially manufacture, market, offer for sale, and sell a generic version of the pharmaceutical Xyzal Allergy 24HR® throughout the United States, including in the State of Florida, in the event the FDA approves Apotex's ANDA.

14.     By letter to Plaintiffs, dated March 5, 2018, Apotex stated that Apotex's ANDA contained certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the '194 patent is invalid, unenforceable, or will not be infringed by the commercial manufacture, use, or sale of Apotex's Product (the "Paragraph IV Certifications").  Apotex attached a memorandum to its

March 5, 2018 letter, in which it purported to allege factual and legal bases for its Paragraph IV Certifications.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16.     This Court has personal jurisdiction over Apotex Inc. because, *inter alia*, Apotex Inc. has conducted and is conducting business in Florida, has derived revenue from conducting business in Florida, has previously consented to personal jurisdiction in this Court, has purposefully availed itself of this Court's jurisdiction, has engaged in systematic and continuous contacts with the State of Florida, maintains a wholly-owned subsidiary in the State of Florida for the purposes of regulatory activities with the FDA in connection with seeking approval for generic drugs, and, through its filing of ANDA No. 211528, indicated its intent to market and/or offer for sale a generic Xyzal Allergy 24HR® in the United States, including the State of Florida.

17.     Alternatively, this Court has personal jurisdiction over Apotex Inc. pursuant to Fed. R. Civ. P. 4(k).

18.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3) and 1400(b).

## COUNT I
## INFRINGEMENT OF
## U.S. PATENT NO. 8,633,194

19.     Plaintiffs re-allege and incorporate by reference the allegations of Paragraphs 1-18 of this Complaint.

20.     Defendant has infringed the '194 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting Defendant's ANDA, by which Defendant seeks approval from the FDA to sell, offer to sell, use, and/or engage in the commercial manufacture of Apotex's Product prior to the expiration of the '194 patent.

21. Defendant's sale, offer for sale, use, or commercial manufacture of Apotex's Product within the United States or importation of Apotex's Product into the United States, during the term of the '194 patent would infringe claims 1-12 of the '194 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

22. Plaintiffs will be harmed substantially and irreparably if Defendant is not enjoined from infringing the '194 patent.

23. Plaintiffs have no adequate remedy at law.

24. Plaintiffs are entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment in their favor and against Defendant and respectfully request the following relief:

A. A judgment that Defendant has infringed the '194 patent;

B. A judgment, pursuant to 35 U.S.C. § 271(e)(4)(B) preliminarily and permanently enjoining Defendant, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from manufacturing, using, offering to sell, or selling Apotex's Product within the United States, or importing Apotex's Product into the United States, prior to the expiration of the '194 patent, including any extensions, adjustments, and exclusivities;

C. A judgment ordering that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Apotex's ANDA, under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), shall not be earlier than the expiration of the '194 patent, including any extensions, adjustments, and exclusivities;

D.      If Defendant commercially manufactures, uses, offers to sell, or sells Apotex's Product within the United States, or imports Apotex's Product into the United States, prior to the expiration of the '194 patent, including any extensions, adjustments, and exclusivities, a judgment awarding Plaintiffs monetary relief, together with interest;

E.      Attorneys' fees in this action as an exceptional case pursuant to 35 U.S.C. § 285;

F.      Costs and expenses in this action; and

G.      Such other relief as the Court deems just and proper.

April 17, 2018

WHITE & CASE LLP

/s/ *Cheryl Tedeschi Sloane*
Jason Nelson Zakia
Florida Bar No. 698121
Cheryl Tedeschi Sloane
Florida Bar No. 0028548
Southeast Financial Center
200 South Biscayne Boulevard
Suite 4900
Miami, FL 33131
Tel: (305) 371-2700
Fax: (305) 358-5744
jzakia@whitecase.com
csloane@whitecase.com

James S. Trainor, Jr. (*pro hac vice admission pending*)
Robert E. Counihan (*pro hac vice admission pending*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 819-8200
Fax: (212) 354-8113

*Attorneys for Plaintiffs UCB, Inc. and UCB Biopharma SPRL*